CARNES, Chief Judge,
concurring:
During the charge conference held at the end of the first day of trial, Fries went along with an instruction, suggested by the court, containing language that while there are exceptions to 18 U.S.C. § 922(a)(5)’s licensing requirement, including one “for a transfer to a licensed dealer, ... the exceptions are not involved in this case.” That instruction was eventually given, without objection. The quoted statement sounds somewhat like a proposed stipulation. One might argue that by not objecting to that statement Fries stipulated to the fact that his transfer to undercover agent Visnovske was not a transfer to a licensed dealer. But the government did not argue that to us, at least not as to the sufficiency of the evidence issue, which is the only one that this Court reaches.
Nor can it be said that by not objecting to that jury instruction at the charge conference Fries lulled the government into failing to ask Visnovske if he was a licensed dealer. Visnovske testified during the first day of the trial, before the charge conference was conducted. The government’s failure to ask him if he was a licensed dealer occurred before it knew what Fries’ position might be on that factual issue. Fries did not sucker punch the government. Instead, it knocked itself out of a valid conviction by not asking its witness a simple question the importance of which is obvious from the indictment’s *1295 allegation that Fries had transferred the firearm “to a person not being a licensed importer, manufacturer, dealer, and collector of firearms.” It is not asking too much to expect a prosecutor, before a trial ends, to look at the indictment to ensure that all of the elements alleged in it have been proven. The prosecutor in this case failed to do that.